UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHLEEN TONNEMACHER and DANIEL TONNEMACHER,<br><br>Plaintiffs,<br><br>v.<br><br>JEREMI OSSMAN and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendants. | NO. 1:18-CV-3008-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

BEFORE THE COURT are Defendant Prudential's Motion to Dismiss (ECF No. 17), Defendant Ossman's Motion to Dismiss and Joinder in Prudential's Motion to Dismiss (ECF No. 19), and Plaintiff's Status Report and Legal Objection to Defendant Report: Motion to have this Court Temporarily Protect Kathleen's Assets (ECF No. 20). These matters were heard without oral argument, the Court determined pursuant to LR 7.1(h)(3)(B)(iv) that oral argument is not warranted. The Court has reviewed the record and files herein, and is fully

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 1

informed. For the reasons discussed below, Defendants' Motions to Dismiss (ECF Nos. 17; 19) are **GRANTED** and Plaintiffs' Second Request (ECF No. 20) is **DENIED as moot**.

## BACKGROUND

On December 13, 2017, Plaintiffs Kathleen Tonnemacher and Daniel Tonnemacher, proceeding *pro se*, filed a Notice of Small Claim in the District Court of Kittitas County, Washington against Defendants Jeremi Ossman and Prudential Insurance Company of America. ECF No. 1. On January 17, 2018, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(2) of the Employee Retirement Income Security Act of 1974 (ERISA). *Id.*

On February 12, 2018, Plaintiffs requested a hearing to argue venue and Defendants' affirmative defenses. ECF No. 5. Plaintiffs asserted that the case should proceed in state court and this Court has a conflict of interest due to a prior ruling in this matter. *Id.* at 2. On February 16, 2018, the Court denied Plaintiffs' request as these were not reasons which would defeat a properly removed case to federal court. ECF No. 6.

A telephonic scheduling conference was set for May 16, 2018, but Plaintiffs failed to appear and the Court held an ex parte hearing where it discussed a Motion to Dismiss briefing schedule. ECF No. 11. The Court instructed Defendants to file

a Motion to Dismiss within 35 days of the date of the Order. *Id.* at 1. On May 17, 2018, Plaintiffs filed an Emergency Hearing Request. ECF No. 12. On May 29, 2018, Plaintiffs filed a status report and request to have this Court temporarily protect Kathleen Tonnemacher's assets. ECF No. 13. On June 14, 2018, the Court denied both of Plaintiff's motions. ECF No. 16.

On June 20, 2018, Defendants each filed a Motion to Dismiss. ECF Nos. 17; 19. On June 27, 2018, Plaintiffs filed a second request to have Kathleen Tonnemacher's money returned to her and requested a hearing in open court. ECF No. 20. On July 11, 2018, Prudential filed an Objection and Opposition to Plaintiff Daniel Tonnemacher's Motion at ECF No 20. ECF No. 21. On July 12, 2018, Plaintiffs filed an interlocutory appeal to the Ninth Circuit. ECF No. 22.

Plaintiffs failed to timely respond to Defendants' Motions to Dismiss. *See* LR 7.1(b)(2)(B). Failure to comply with the requirements of LR 7.1(b) "may be deemed consent to the entry of an Order adverse to the party who violates these rules." LR 7.1(d). The Court will now consider the merit of Defendants' Motions to Dismiss. ECF Nos. 17; 19.

**FACTS**

The following facts are drawn from Plaintiffs' Notice of Small Claim and are accepted as true for the purposes of the instant Motions to Dismiss. Plaintiffs

allege that in or about the summer of 2016, Ms. Ossman,[1] her lawyer Brent Featherston, and Prudential conspired to "steal" four months of pension benefits from Kathleen Tonnemacher's account at Prudential. ECF No. 1 at 10 (Ex. A). These payments were from April to July, totaling $4,000. *Id.* Plaintiffs insist that Ms. Ossman or her attorney lied to Prudential when they told Prudential that they had the authority to seize the money and put it out of Kathleen Tonnemacher's control. *Id.* Kathleen Tonnemacher is 93 years old at the time of the filing of the Complaint and a ward of the state. *Id.* She is also making the claim that Defendants committed felony elder abuse, kidnapping, and grand theft. *Id.*

## DISCUSSION

### I. Motions to Dismiss

#### A. Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is

---

[1] Ms. Ossman is a state court-appointed conservator of Kathleen Tonnemacher's assets. ECF Nos. 17 at 1-2; 17-2 (Ex. 2); 19 at 1.

properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. of Civ. P. 12(b)(6). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308,

322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

**B. Standing**

To establish standing, a plaintiff must allege: (1) an "injury in fact"; (2) a causal connection between the injury and conduct complained of; and (3) a likely, as opposed to merely speculative, injury that will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). An injury in fact is defined as "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks and citations omitted).

Prudential alleges that Mr. Tonnemacher lacks standing because he is not a Plan participate nor is he a beneficiary of any Plan benefits. ECF No. 17 at 5. Prudential emphasizes that nowhere in the Complaint is there an allegation that Mr. Tonnemacher has any personal entitlement or legal interest in the accounts at issue. *Id.* Mr. Tonnemacher also did not provide any proof that he was appointed as guardian, attorney-in-fact, or other legal representative of Kathleen Tonnemacher. *Id.* Mr. Tonnemacher does not allege that he has any right to Kathleen

Tonnemacher's accounts or that he was personally injured as a result of the alleged acts. *Id.* at 6.

Ms. Ossman agrees with Prudential's argument, alleging that Mr. Tonnemacher has no legal right, title, or interest in the Prudential account. ECF No. 19 at 3. Ms. Ossman insists that Mr. Tonnemacher has attempted to thwart her authority by filing bankruptcy in the United States Bankruptcy Court in the District of Idaho and in the Eastern District of Washington. *Id.* Ms. Ossman emphasizes that the Idaho Magistrate Court determined Kathleen Tonnemacher was incapacitated or otherwise qualified for the appointment of a conservator and no authority was conferred upon Mr. Tonnemacher. *Id.* at 3-4.

The Court finds that Mr. Tonnemacher is unable to establish standing because he has no legally protected interest and thus cannot establish an injury in fact. Mr. Tonnemacher has no claim in Kathleen Tonnemacher's assets or her Prudential Plan, meaning that he has no legally protected interest. Accordingly, the Court finds Mr. Tonnemacher lacks standing to assert any claims regarding Kathleen Tonnemacher's assets.

**C. Kathleen Tonnemacher's Participation**

Prudential asserts that Kathleen has not been an active participant since the inception of this case. ECF No. 17 at 6. Some of Plaintiffs' submissions to the Court were purportedly initialed by Kathleen Tonnemacher (ECF Nos. 1 at 9; 12;

15), others were not even initialed (ECF No. 13). ECF No. 17 at 6. Prudential emphasizes that none of the submissions were signed. *Id.* Prudential argues that it is clear from reading Plaintiffs' submissions that Mr. Tonnemacher is the sole author of those documents. *Id.* Kathleen Tonnemacher also did not participate in the April 25, 2018 Rule 26 telephonic meet and confer with Defendants' attorneys. *Id.* at 7.

Additionally, Prudential insists that a legally incapacitated person in need of protection is not competent to provide informed consent, make decisions on her own behalf, or otherwise act in her own interests. *Id.* Kathleen Tonnemacher then lacks capacity to bring this action without a representative, guardian ad litem, or "next friend" acting on her behalf. ECF No. 17 at 7; Fed. R. Civ. P. 17(c)(1)-(2).

Ms. Ossman argues that Mr. Tonnemacher "unilaterally and singularly has filed this action." ECF No. 19 at 4. Ms. Ossman asserts that if any portion of the Complaint is signed or initialed by Kathleen Tonnemacher, it was done so at a time when she was determined to be incapacitated by the 2016 state court orders. *Id.*

The Court finds that Kathleen Tonnemacher likely has not participated in this action and she does not have the capacity to bring this suit. The Court emphasizes that Kathleen Tonnemacher has failed to sign any of the pleadings. Kathleen Tonnemacher is also legally incapacitated and Mr. Tonnemacher does not

allege that he is a guardian, conservator, fiduciary, or "next friend" who can sue in her name. Fed. R. Civ. P. 17(c)(1)-(2).

Accordingly, the Court dismisses Plaintiffs' claims as Mr. Tonnemacher lacks standing and Kathleen Tonnemacher lacks the capacity to sue. The Court need not address Defendants' valid arguments regarding the *Rooker-Feldman* Doctrine. ECF Nos. 17 at 8-10; 19 at 4.

The Court also notes that while improper service could be cured, Plaintiffs failed to properly serve both Defendants. ECF Nos. 17 at 10-11; 19 at 5; *see also* Fed. R. Civ. P. 4. Plaintiffs merely provided a copy of the Notice of Small Claim to Prudential's New York counsel's office who has not agreed to accept service. ECF No. 17 at 11. Plaintiffs mailed the Notice of Small Claims to Ms. Ossman. ECF No. 19 at 5. The Court then also dismisses Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).

**D. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading

could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc).

After fully considering Plaintiffs' Complaint, the Court finds that Plaintiffs cannot prevail and it would be futile to give them an opportunity to amend. Mr. Tonnemacher does not have standing and Kathleen Tonnemacher is legally incapacitated. Any claim regarding her conservator must be alleged in the state courts where her conservator was appointed. The Court then finds that there are no set of facts Plaintiffs could allege to overcome their lack of standing and incapacity. Plaintiffs' pleading then cannot possibly be cured by other facts and the Court dismisses Plaintiffs' claims without leave to amend.

## II. Plaintiffs' Second Request

Plaintiffs clarify that they are not asking for summary judgment, but Kathleen Tonnemacher's "sole interest is to get her money returned to her." ECF No. 20 at 1. Plaintiffs request the Court hold an open public hearing and consider the issue of temporarily protecting Kathleen Tonnemacher's assets. *Id.* Plaintiffs also request the Court rule that Ms. Ossman provide Kathleen Tonnemacher with the funds to hire a lawyer to represent her. *Id.*

Prudential responds that the motion was not served by Plaintiff on Prudential, but it only received notice through the filing of the document by the

Clerk's office on July 27, 2018. ECF No. 21 at 1-2. Prudential objects to the Motion because it was only signed by Mr. Tonnemacher and appears to make unsupported statements on behalf of Kathleen Tonnemacher. *Id.* at 2. Prudential states that to the extent Plaintiffs are seeking injunctive relief, Plaintiffs are required to have noted the hearing for at least 50 days after filing as a dispositive motion. *Id.* Prudential insists that "[t]hese motions are designed to harass and burden the Defendants and frustrate the Court's resolution of the case." *Id.* at 3.

The Court finds that Plaintiffs' second request to protect Kathleen Tonnemacher's assets is moot, as Plaintiffs' claims are dismissed. The Court also notes that Kathleen Tonnemacher likely did not take part in this motion and Mr. Tonnemacher does not have standing to assert claims on behalf of Kathleen Tonnemacher. The Court does not address Plaintiffs' arguments, which are a mere recitation of their first request that the Court previously resolved. ECF Nos. 16; 20 at 2-4. Accordingly, the Court denies Plaintiffs' second request as moot.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Prudential's Motion to Dismiss (ECF No. 17) is **GRANTED**.
2. Defendant Ossman's Motion to Dismiss and Joinder in Prudential's Motion to Dismiss (ECF No. 19) is **GRANTED**.

//

//

3. Plaintiffs' Status Report and Legal Objection to Defendant Report: Motion to have this Court Temporarily Protect Kathleen's Assets (ECF No. 20) is **DENIED as moot**.

4. The claims asserted in Plaintiff's Complaint (ECF No. 1 (Ex. A)) are **DISMISSED WITHOUT LEAVE TO AMEND in federal court**.

The District Court Executive is directed to enter this Order, enter **JUDGMENT** for Defendants, furnish copies to the parties, and **CLOSE** the file.

**DATED** August 10, 2018.



THOMAS O. RICE
Chief United States District Judge